Case 2:19-cv-00162-GJF-CG   Document 11   Filed 06/06/19   Page 1 of 4
2:18-mn-02873-RMG   Date Filed 06/06/19   Entry Number 104   Page 1 of 4
Case MDL No. 2873   Document 446   Filed 06/05/19   Page 1 of 4

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*
DEPUTY CLERK

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                MDL No. 2873

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the District of South Carolina for inclusion in MDL No. 2873. Defendants 3M Company, Tyco Fire Products, LP, Chemguard, Inc., Buckeye Fire Equipment Company, and National Foam, Inc., oppose all three motions, while defendants United Technologies Corporation and Kidde PLC, Inc., oppose the Town of East Hampton's motion.

Plaintiffs in the two actions pending in the District of New Mexico argue that transfer of their "business interruption" claims is inappropriate because no such claims are being litigated in the MDL. But, like the cases transferred to MDL No. 2873, the New Mexico actions involve allegations that the groundwater on plaintiffs' property has been contaminated with perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) that was contained in aqueous film-forming foams (AFFFs) used at a nearby Air Force base. Plaintiffs assert many of the same product liability claims against the same manufacturer defendants as the majority of actions pending in the MDL. That plaintiffs assert a unique theory of liability does not weigh against transfer. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008) ("[T]he presence of additional or differing legal theories is not significant when the actions still arise from a common factual core.").

The New Mexico plaintiffs also complain that transfer will severely prejudice them, as their dairy farm operations are at risk of failing. Their contention that transfer to the MDL will significantly delay their actions is conclusory at best. Both the New Mexico actions and the actions in the MDL are at the beginning stages of litigation, and transfer at this point is unlikely to cause substantial delay. Nor will transfer significantly burden plaintiffs, as their counsel has been appointed co-lead counsel for plaintiffs in the MDL (*i.e.*, plaintiffs' counsel will be litigating in the District of South Carolina anyway). In any event, transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). To the extent plaintiffs seek "unique or time-sensitive relief pertaining to [their] water supplies, [they] can and should raise such

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

Case 2:19-cv-00162-GJF-CG   Document 11   Filed 06/06/19   Page 2 of 4
2:18-mn-02873-RMG   Date Filed 06/06/19   Entry Number 104   Page 2 of 4
Case MDL No. 2873   Document 446   Filed 06/05/19   Page 2 of 4

-2-

concerns with the transferee court." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1395-96 (J.P.M.L. 2018).

Plaintiff in the Eastern District of New York action (the Town of East Hampton) argues that transfer of that action is inappropriate because unique issues relating to the contamination in the Town will predominate over common questions of fact with the actions pending in the MDL. In particular, the Town argues that it alleges multiple sources of contamination, only some of which stem from the use of AFFFs by a local firefighting company.[1] Plaintiff suggests that our initial centralization order limited this MDL to cases alleging only contamination from AFFFs, but our order merely excluded from the MDL actions that did not contain *any* allegations relating to AFFFs. *See id.* at 1392. That the Town alleges *additional* sources of contamination is no obstacle to transfer. The Town's action shares numerous factual questions regarding AFFFs and PFOA/PFOS contamination in common with the actions in the MDL.[2] Indeed, the Town's allegations are intertwined with those of several actions pending in the MDL, which also allege contamination of Long Island's aquifer. In one of these actions, *Shipman v. 3M Company*, C.A. No. 2:18-03340 (D.S.C.), the Town itself is a named defendant. In the action now before us, the Town seeks contribution and indemnification for any liability assessed it in *Shipman*.

Plaintiff also argues that the government contractor defense should not be at issue in the New York action. This does not weigh against centralization. Multiple contamination sites already at issue in the MDL involve non-military firefighting or industrial facilities, and also may not involve this defense. Transfer under Section 1407 does not require a complete identity of factual and legal issues when the actions, as they do here, arise from a common factual core. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d at 1360.

Additionally, plaintiff insists that federal subject matter jurisdiction over its action is lacking and that its anticipated remand motion should be decided by the transferor court. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer. *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] To the extent plaintiff argues that site-specific contamination issues outweigh the common factual questions being litigated in MDL No. 2873, we rejected this argument when we centralized this litigation. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1394 ("The efficiencies to be gained through centralized treatment of common factual questions in such a large litigation are considerable.").

[2] The Town also contends that the MDL is limited to "MilSpec AFFF"—*i.e.*, AFFF products manufactured in compliance with a common military specification. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1395 n.9 (noting that, because AFFF products allegedly were manufactured in compliance with Mil-F-24385F, it is unlikely that differences between various manufacturers' products will "significantly complicate the pretrial management" of the MDL). The Town reads too much into this footnote. The Panel did not limit this litigation to particular types of AFFF products.

Case 2:19-cv-00162-GJF-CG Document 11 Filed 06/06/19 Page 3 of 4
2:18-mn-02873-RMG Date Filed 06/06/19 Entry Number 104 Page 3 of 4
Case MDL No. 2873 Document 446 Filed 06/05/19 Page 3 of 4

-3-

Plaintiff can present its remand arguments to the transferee judge. Perhaps anticipating this outcome, plaintiff alternatively requests that we direct the transferee court to prioritize consideration of its remand motion. We deny this alternative request because such case management decisions are best addressed by the transferee court.

Accordingly, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of PFOS and/or PFOA into local groundwater and contaminated drinking water supplies. The actions in the MDL share factual questions concerning the toxicity of PFOA and PFOS and the effects of these substances on human health; these substances' chemical properties and propensity to migrate in groundwater supplies; the knowledge of the AFFF manufacturers regarding the dangers of PFOA and PFOS; their warnings, if any, regarding proper use and storage of AFFFs; and to what extent, if any, defendants conspired or cooperated to conceal the dangers of PFOA and PFOS in their products. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1394.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Lewis A. Kaplan     R. David Proctor
Catherine D. Perry     Karen K. Caldwell
Nathaniel M. Gorton

Case 2:19-cv-00162-GJF-CG   Document 11   Filed 06/06/19   Page 4 of 4
2:18-mn-02873-RMG   Date Filed 06/06/19   Entry Number 104   Page 4 of 4
Case MDL No. 2873   Document 446   Filed 06/05/19   Page 4 of 4

**IN RE: AQUEOUS FILM-FORMING FOAMS**
**PRODUCTS LIABILITY LITIGATION**                               MDL No. 2873

## SCHEDULE A

<u>District of New Mexico</u>

SCHAAP, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:19−00105
TEUNE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:19−00162

<u>Eastern District of New York</u>

TOWN OF EAST HAMPTON v. 3M COMPANY, ET AL., C.A. No. 2:19−00642